UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ODIS JOHNSON,<br><br>            Plaintiff,<br><br>    v.<br><br>V. M. ALNAGER, et al.,<br><br>            Defendants. | No.  2:14-cv-0401 CKD P<br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. §1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§1914(a), 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

1

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

Plaintiff alleges that several defendants at three state prisons violated his federal civil rights in connection with inmate identification numbers assigned to him in 2011 and 2012. After arriving at Deuel Vocational Institution in August 2011 and being issued an I.D. number, plaintiff did not receive his mail, and his letters to his wife and attorney were returned with the statement

1  that there was no inmate matching his I.D. number.  Plaintiff's wife and other family members
2  were not allowed to visit him due to the faulty I.D. number.  After six months of such problems,
3  prison officials issued plaintiff a new I.D. number, but as two numbers for him now existed in
4  prison records, the confusion continued, and plaintiff did not receive his prescribed medications
5  for three days.  (ECF No. 1 at 4-5, 35-36.)[1]  In May 2012, plaintiff's correctional counselor wrote
6  a memo explaining to prison staff that plaintiff had been issued two I.D. numbers and asking
7  them to "merge [the] data" in the records so that plaintiff's housing, medication, and visitor issues
8  would not be effected.  The counselor also took several other steps to clear up the problem.  (Id.
9  at 35-37.)

10       The Civil Rights Act under which this action was filed provides:

11
12
13
> Every person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution ... shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

14  42 U.S.C. § 1983.  To state a § 1983 claim, a plaintiff must allege facts showing each named
15  defendant either exhibited some sort of "direct personal participation in the deprivation" or "set[ ]
16  in motion a series of acts by others which the actor [knew] or reasonably should [have known]
17  would cause others to inflict the constitutional injury."  Johnson v. Duffy, 588 F.2d 740, 743-744
18  (9th Cir. 1978).  There must be an actual causal link between the actions of the named defendants
19  and the alleged constitutional deprivation.  See Monell v. Dep't of Soc. Services, 436 U.S. 658,
20  691–92 (1978); Rizzo v. Goode, 423 U.S. 362, 370-71 (1976); May v. Enomoto, 633 F.2d 164,
21  167 (9th Cir. 1980).

22       Here, plaintiff fails to allege a constitutional deprivation.  Prisoners enjoy some degree of
23  First Amendment rights in their legal correspondence.  Bounds v. Smith, 430 U.S. 817, 824–25
24  (1977).  However, to state a viable claim for relief, plaintiff must allege he suffered an actual
25  injury, which is prejudice with respect to contemplated or existing litigation, such as the inability
26  to meet a filing deadline or present a non-frivolous claim.  Lewis v. Casey, 518 U.S. 343, 349
27
28  _____
   [1] Record citations refer to page numbers assigned by the court's docketing system.

(1996). Plaintiff's allegations of problems with his prison mail, without more, do not state a federal constitutional claim.

As to plaintiff's alleged denial of family visits, neither federal nor state law has created a protected interest in visitation. See Barnett v. Centoni, 31 F.3d 813, 817 (9th Cir. 1994) (per curiam) (holding that prisoners have no constitutional right to contact visitation). The Supreme Court has held that "denial of prison access to a particular visitor is well within the terms of confinement ordinarily contemplated by a prison sentence, and therefore is not independently protected by the Due Process Clause." Kentucky Dep't of Corr. v. Thompson, 490 U.S. 454, 461 (1989) (internal citations omitted). While incarceration does not "entirely extinguish[]" the right to receive visits from family members, a temporary denial of visitation does not raise the same constitutional concerns as withdrawal of all visitation privileges for a protracted period. Dunn v. Castro, 621 F.3d 1196, 1203-1205 (9th Cir. 2010). Here, plaintiff's alleged temporary denial of visitation, due to an error in prison records, does not rise to the level of a federal constitutional claim.

Finally, with respect to his missed doses of medication, plaintiff fails to allege that any defendant was "deliberately indifferent" to his serious medical needs in violation of the Eighth Amendment. "While poor medical treatment will at a certain point rise to the level of constitutional violation, mere malpractice, or even gross negligence, does not suffice." Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990). Plaintiff's medication problems stemmed from a bureaucratic mix-up that suggests, at most, negligence on the part of some prison employee. Thus, plaintiff fails to state a claim on this basis as well.

The complaint will be dismissed for failure to state a claim. However, plaintiff will be granted leave to amend. If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167

(9th Cir. 1980); <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  <u>Ivey v. Board of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).  If plaintiff chooses to amend the complaint, he should set forth a "short and plain statement" of his claim and any related claims against the appropriate defendants.

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and two copies of the amended complaint; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated: February 25, 2014

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2 / john0401.14.new